[No. 2,843.]

MARGARET McFADDEN, by her Guardian, John Mc-
Fadden, *v.* PATRICK McFADDEN et al.

Bill to Carry a Decree into Effect.—A bill in equity will not lie to
carry into effect an interlocutory decree.

Idem.—A bill to carry a decree into effect must ordinarily show such decree
to have been final in its character, and that by reason of something occur-
ring subsequently to its rendition, the rights of the parties cannot be prop-
erly enforced thereunder.

Appeal from the District Court of the Fourth Judicial
District, City and County of San Francisco.

The plaintiff appealed.
The other facts are stated in the opinion.

*J. P. Treadwell*, for Appellant, argued that the complaint
was in harmony with the practice and adjudications in this
State, and cited *Smith* v. *Smith*, 12 Cal. 216, and *Gimmy* v.
*Doane*, 12 Cal. 635.

*Sidney V. Smith*, *H. B. Janes*, *A. Campbell*, and *A. J. Gun-
nison*, for Respondents.

*H. B. Janes* and *A. Campbell*, for Respondent Ellmaker.

By the Court, Wallace, C. J.:

The plaintiff, Margaret McFadden, in August, 1861, filed
her complaint in the District Court of the Fourth Judicial
District against Patrick McFadden, Thomas Stealey, Alfred
Rix, Alexander Eaton, Arnold Hussman, Frederick S. Ell-
maker, Adolphus J. Plate, Mary McFadden, Patrick Mur-
ray, and John McFadden as defendants, alleging that on
the 18th day of October, 1853, she had filed her complaint
in the same Court against the defendant Patrick McFadden,
who was then her husband, in which she had prayed a dis-
solution of the bonds of matrimony then existing between

herself and the defendant, Patrick, and for a division of the common property belonging to the matrimonial community, and that pending the action the defendant, Patrick, might be restrained, by injunction, from making disposition of it. She further alleged that on the 9th day of November, 1853, an injunction from said Court to that effect was issued and served upon him, and that after further proceedings were had, it was in 1855 decreed that the marital relation be dissolved, and that certain real estate situate in the City and County of San Francisco, in the decree described, being the property of the marital community, together with such other community property as might be thereafter discovered, be equally divided between the plaintiff and the said defendant Patrick, and that Edward Stanley, —— Hale, and B. W. Leigh be appointed " Commissioners to take proofs of property appertaining to said community with full power to divide the same in accordance with the said decree, either setting off to the plaintiff her share thereof, or, if that were found to be impracticable, to cause the same to be sold and to divide the proceeds thereof equally between the parties," and that the Commissioners report their proceedings in that behalf on or before the first day of March then next ensuing, etc.

The complaint further alleges that this decree of 1855 has never been carried into execution by the Commissioners or otherwise, by reason of the subsequent absence of one or other of them from the State; that the whereabouts of Hale, one of the Commissioners, is now unknown; that in March, 1855, one J. A. Nunez was by order of the Court substituted as a Commissioner in the place of Leigh, but that Nunez is now, and for a long time has been, absent from the State, and that it has become necessary to appoint Commissioners in the place of both Nunez and Hale, to coöperate with said Stanley in making a division of the community property, and otherwise carrying the decree into execution.

The complaint then describes with particularity two several tracts of land which are alleged to be the real estate mentioned in the decree of January, 1855, and avers these tracts to have been in fact the property of the marital community dissolved thereby, and alleges that by virtue of the decree she is entitled to an allotment of the equal one half of each of said tracts, and to be placed in possession thereof. It is also averred that the defendants John McFadden and Patrick Murray are in possession of one of these tracts; that the defendants Stealey and Mary McFadden are in possession of portions of the other tract, in which also the defendants Rix, Eaton, Hussman, Ellmaker, and Plate claim some interest—but it is alleged that all such possession held and interest asserted by the defendants are derived or claimed through and under the defendant Patrick, subsequently to the rendition of the decree of January, 1855, and with notice of the plaintiff's rights thereunder. The complaint concludes with a prayer that the premises thereinbefore described and all other common property may be equally divided between plaintiff and the defendant Patrick, or such of the defendants as may have succeeded to his interest in the whole or any portion thereof, and that she be let into possession, etc.

Upon the hearing the complaint was dismissed, and we think properly. The decree of 1855 was an interlocutory decree merely and not a final decree.

A bill to carry into effect a former decree must ordinarily show such a decree to have been final in its character, and that by reason of something occurring subsequently to its rendition the rights of the parties cannot be properly enforced thereunder. This is not such a case; and, as was well said by the learned Judge of the Court below in denying the application for a new trial, "nothing can be decreed upon

Statement of Facts.

*this bill* that the parties would not be entitled to in the original proceeding, still undetermined."

Judgment and order denying a new trial affirmed.