[Department One.—June 15, 1883.]

J. M. THOMPSON, APPELLANT, *v.* GEORGE W. WHITE, RESPONDENT.

PRACTICE—INTERLOCUTORY DECREES.—There is nothing in the judicial system of this State to prevent the courts from making interlocutory decrees in equity cases, and such decrees are valid and binding until vacated by some appropriate proceeding. They cannot be set aside on the theory that the courts have no power to make them.

APPEAL from an order of the Superior Court of the city and county of San Francisco.

The facts appear in the opinion of the court.

*D. L. Smoot*, for Appellant.

The court had power to make the interlocutory decree. To burden a court with a case in equity requiring equity procedure, and yet forbid the use of the interlocutory decree, would be something of an anomaly in jurisprudence. In such an emer-

gency the *cause of action* would continue equitable, but the *case* would not.

Section 647, Code of Civil Procedure, gives the strongest sanction to the interlocutory determination when it speaks of· "the *final* decision in an action or proceeding," and then of "an interlocutory order or decision *finally* determining the rights of the parties or some of them."

Interlocutory determinations are authorized by subd. 2 of section 585, Code of Civil Procedure.

Section 639, Code of Civil Procedure, authorizes interlocutory decrees or orders directing a referee to hear and decide the *whole* or *any part of the issues* or questions of fact involved; ordering an account necessary for the information of the court before judgment, or for carrying a previous judgment or order into effect; and directing the solution of any question of fact outside of the pleadings, which may arise at any stage of the action.

Section 187, Code of Civil Procedure, authorizes the interlocutory decree wherever it may be required, by declaring that with jurisdiction is conferred all the means necessary to carry it into effect; and "if the course of proceeding be not *specifically* pointed out by . . . . the statute," then "any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of" the Code. (See also *Loring* v. *Illsley*, 1 Cal. 27; *Gillman* v. *Contra Costa*, 8 Cal. 52; *Neall* v. *Hill*, 16 Cal. 146; *Packard* v. *Bird*, 40 Cal. 380; *Harris* v. *S. F. Sugar Ref. Co.* 41 Cal. 393; *Jones* v. *Clark*, 42 Cal. 180.)

*M. A. Wheaton*, for Respondent.

We base our defense of the action of the court below in setting aside the interlocutory decree upon the ground that such order was right and necessary.

Ross, J. — This action was brought for the enforcement of an alleged contract for the conveyance of certain interests in certain letters patent, for an accounting in respect to certain matters connected therewith, and to obtain such decree as the equities of the case demand. The cause came on for hearing before the late Nineteenth District Court, and after taking testimony, oral and

documentary, that court made certain findings of fact, and thereupon entered an interlocutory decree, to the effect that the defendant convey to the plaintiff the interests in question, upon the performance of certain conditions on the part of the plaintiff, and further directed the commissioner of the court to take testimony and report to the court upon certain other matters of fact. Testimony upon those questions was taken before the commissioner, who subsequently made his report to the Superior Court succeeding the Nineteenth District Court, and by the Superior Court certain exceptions which were taken to the report of the commissioner were overruled and the report confirmed. The judge who at this time presided in the Superior Court was succeeded by another, and before the latter a motion was made for the entry of a final decree in the cause. The learned judge to whom this motion was addressed, denied it, and instead, entered an order purporting to vacate and set aside the interlocutory decree entered by the Nineteenth District Court, the report of the commissioner and its confirmation, and, indeed, all proceedings taken in the cause subsequent to the filing of the defendant's answer, and restoring the action to the calendar for trial. The view taken by the judge below in thus ordering was, that under our system there cannot be, even in an equity case, any such thing as an interlocutory decree, and that therefore the interlocutory decree entered by the Nineteenth District Court was a nullity and all proceedings based thereon void.

In this there was error. It is not necessary to consider whether under the former Constitution, which gives to the District Courts existing under it jurisdiction, and under the present Constitution, which gives to the Superior Courts existing under it jurisdiction, "of cases in equity," it lay in the power of the legislature to deprive such courts of so essential a means for the proper disposition of cases in equity as the interlocutory decree; for it is a mistake to say the legislature has attempted to do anything of the kind. On the contrary, by section 187 of the Code of Civil Procedure, it is expressly declared that "when jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given, and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed

out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code," the object of which is declared by a preceding section to be the promotion of justice.

We see nothing in conflict with this in the fact that section 577 of the same Code defines a judgment to be "the final determination of the rights of the parties in an action or proceeding," and that, by section 1003, it is declared that "every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order." There is no magic in a name. An interlocutory decision of a court of equity, in an equity case, is as efficacious when called an order as when called a judgment or decree. Whether it be called an interlocutory decree or a decretal order, or simply an order, it is in substance the same. Sections 577 and 1003 of our Code were taken substantially from the New York Code of Procedure, and the codifiers of that State thus explained their purpose in employing the phraseology they did : " To avoid the confusion incident to the use of the word 'judgment' in two senses, one as interlocutory and the other as final, we have thought it better to use it only in the latter sense, and to designate all other written directions of a court or judge as orders." (Report of Commissioners to legislature, February, 1848, 182.) But, in the purpose thus expressed, no intent is perceived to abolish the power of a court of equity to pronounce, what in equity practice was called, an interlocutory decree or decretal order, but only a provision to the effect that that which finally determined the rights of the parties should be called a *judgment,* and that every other direction of a court or judge made or entered in writing, should be denominated an *order.* In New York the legislature has returned to the phrase "interlocutory judgment" in place of "order," theretofore used in the Code (Bliss' Annotated Code, § 1200); but even while the designation was different, we think the substance of the thing was all the time the same.

And so here. We find in sections 577 and 1003 no prohibition of such intermediate determinations by the court as the exigencies of the case may demand, and no conflict between them and section 187, which, as has been seen, in terms provides that, in the exercise of the jurisdiction conferred by the Constitution

or any statute on any court or judicial officer, if the course of procedure be not specifically pointed out by the Code or statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the promotion of justice. Besides, the Code of Procedure makes express recognition of the interlocutory order or decision—section 647 providing, among other things, that "an interlocutory order or decision, finally determining the rights of the parties, or some of them," shall be deemed to have been excepted to. And in the reports of the State are to be found numerous cases recognizing the power of the court to make such interlocutory determinations. A very late case is that of *Hinds* v. *Gage,* 56 Cal. 486; see also *Harris* v. *S. F. Sugar Ref. Co.* 41 Cal. 393; *Packard* v. *Bird,* 40 Cal. 380; *Jones* v. *Clark,* 42 Cal. 180; *McFadden* v. *McFadden,* 44 Cal. 306; *Gray* v. *Palmer,* 9 Cal. 635.

The findings and interlocutory determination made by the Nineteenth District Court were therefore not in excess of its power. Whether they were erroneous or not is not now for consideration. Not being nullities, they could only be vacated, if vacated at all, by an appropriate proceeding. "It is thoroughly settled in this State that the mode of reviewing the action of the court upon an issue of fact is the same, whether the case is at law or in equity—there must be a motion for a new trial." (*Harris* v. *S. F. S. R. Co., supra.*) Upon a proper motion of that nature, should the findings of fact be vacated, of course the legal conclusions drawn from them and embodied in the interlocutory decree would fall with them. That decision is also reviewable on appeal from the final judgment when one shall be entered, but there is no warrant for its vacation upon the theory that it was beyond the power of the court to make.

Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

McKEE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.