[No. 8,729. Department Two.—March 23, 1885.]

## M. MULDOON ET AL., RESPONDENTS, v. MARGARET LYNCH, APPELLANT.

BUILDING CONTRACT — DELAY IN COMPLETION — PENALTY — FORFEITURE— LIQUIDATED DAMAGES.—A clause in a contract for the erection of a marble tomb, requiring its completion by the contractor within a stated time, under forfeiture of ten dollars per day for each and every day's delay beyond such time, provides for the payment of a penalty and not liquidated damages.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to enforce a contract. The facts are sufficiently stated in the opinion of the court.

*Gunnison & Booth,* and *Charles F. Hanlon,* for Appellant.

The actual damage that would have resulted from a breach of the contract by the plaintiff was impossible to be determined. Consequently, the parties had a right to agree upon a definite sum as liquidated damages. (Civil Code, § 1671; *Fletcher* v.

*Dyche,* 2 T. R. 32 ; *Huband* v. *Grattan,* 1 Al. & N. 389 ; *Pettis* v. *Bloomer,* 21 How. Pr. 317 ; *Pearson* v. *Williams,* 24 Wend. 245 ; *Smith* v. *Smith,* 4 Wend. 468 ; *Cothad* v. *Talmage,* 9 N. Y. 551 ; *Bagley* v. *Peddie,* 16 N. Y. 469 ; *Streeter* v. *Rush,* 25 Cal. 71 ; *Green* v. *Price,* 13 M. & W. 696 ; *Hosmer* v. *True,* 19 Barb. 106 ; *Mundy* v. *Culver,* 18 Barb. 336 ; *Knapp* v. *Maltby,* 13 Wend. 587 ; *Coffee* v. *Meiggs,* 9 Cal. 363 ; *People* v. *Love,* 19 Cal. 677 ; *Holmes* v. *Holmes,* 12 Barb. 147 ; *Dakin* v. *Williams,* 17 Wend. 447.)   If the intention of the parties is to assess the amount, the mere use of the word " penalty " is no obstruction to the enforcement of the obligation.  (2 Greenl. Ev., §§ 257, 259 ; *People* v. *Love,* 19 Cal. 677 ; *Tayloe* v. *Sandiford,* 7 Wheat. 13.)

*A. N. Drown,* for Respondents.

The forfeiture of ten dollars a day is merely a penalty, and not a provision for liquidated damages.  (1 Sutherland on Damages, 480 ; *White* v. *Arlith,* 1 Bond, 319 ; *Myers* v. *Hart,* 40 Mich. 517 ; *Robeson* v. *Whiteside,* 16 S. & R. 320.)   The actual damages are not impracticable, or extremely difficult to fix. (*Nash* v. *Hermosella,* 9 Cal. 584 ; *Van Buren* v. *Digges,* 11 How. 461 ; *Malone* v. *Hawley,* 46 Cal. 409.)   The expressed intention of the parties determines the sum as a penalty, and not as liquidated damages.  ( *White* v. *Arleth,* 1 Bond. 325 ; *Esmona* v. *Van Benschoten,* 12 Barb. 375 ; *Van Buren* v. *Digges,* 11 How. 461 ; *Stearns* v. *Barrett,* 1 Pick. 443 ; *Salters* v. *Ralph,* 15 Abb. Pr. 273 ; *Colwell* v. *Lawrence,* 38 N. Y. 71.)

MYRICK, J.—The question involved in this appeal is, whether a sum named in a contract as a forfeiture is to be regarded as liquidated damages or as a penalty.

The plaintiffs and defendant executed a written contract, by which the plaintiffs were to furnish and complete certain improvements on the cemetery lot of defendant in a cemetery in San Francisco, viz : grading, brick-work, stone-work, monument, sarcophagus, etc., in which lot the remains of defendant's deceased husband had been interred.   The monument was to be of the best article of hard Ravaccioni Italian marble.   The amount to be paid for the whole was $18,788, four installments

of $1,725 each, to be paid as the work progressed to the point of being ready for the reception of the monument, and the balance, $11,887, on the completion of the whole.  The contract contained the following clause:

" All the work, with the exception of monument, to be completed within four months from date of contract, and the balance in twelve months from the date of this contract, under forfeiture of ten dollars per day for each and every day beyond the stated time for completion."

The monument was procured in Italy, but was delayed nearly two years in reaching the point of destination for the following reason:   The monument was of four large blocks of marble; one of them was of the weight of twenty tons.  The marble was transported from the quarry to a seaport in Italy for shipment, and was there delayed waiting for a vessel.  As one of the plaintiffs testified:  " We had to wait until we got a ship ; we got the Ottilio ; it was the first vessel that left there for two years for this port.  Owing to the size of the blocks, the only way to bring them here was by ships directly from Italy ; the largest block would not have been allowed on a railroad car."

As soon as the marble reached San Francisco it was set up, and everything was according to the contract, without question being made, except as to the matter of time ; that was the only point of controversy.

The plaintiffs claim that the defendant is indebted to them in the sum of $11,887, with interest from the day of the completion of the monument, and that the sum of ten dollars per day, mentioned in the contract as a forfeiture, is a penalty, and not matter of defense or set-off, without proof of actual damage ; while defendant claims that the said sum of ten dollars per day is to be taken as liquidated damages; and the same amounting to $7,820, is to be deducted from the sum of $11,887, leaving defendant indebted in the sum of $4,067 only.

There is no doubt that parties to a contract may agree upon the amount which shall constitute the damage for its breach. It is declared in section 3301, Civil Code, that " no damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin "; but section 1671 of the same code declares that " the parties to a contract

may agree therein upon an amount which shall be presumed to
be the amount of damages sustained by a breach thereof, when,
from the nature of the case, it would be impracticable, or ex-
tremely difficult, to fix the actual damage." When parties
have endeavored to contract with reference to damages—when
they have explicitly declared that a sum named by them shall
be taken as stipulated damages—it may be that such declaration
would be taken as conclusive, and that courts would not attempt
to relieve the losing party from his unfortunate or ill-advised
engagement. But where it appears on the face of the contract
that the sum named was intended by the parties to be consid-
ered as a penalty—a spur—courts will not enforce another con-
struction, especially when the result would be the payment of a
sum largely disproportionate to any reasonable idea of actual
damage. The contract reads, " under forfeiture of ten dollars
per day for each and every day beyond the stated time for com-
pletion." The general rule is, that damages are and ought to
be purely compensatory ; they should be commensurate with
the injury, neither more nor less. There is nothing in this case
to indicate that the defendant has suffered any actual damage
which can be measured or compensated by money. It is true,
she had the right to contract to have the monument erected in
memory of her deceased husband, and to have it at a certain
time; and possibly the agreement might have been so drawn that
her disappointment should have received adequate compensation;
but referring to the words used by the parties, we are not pre-
pared to say that either had thought of compensation, as such.
The word " forfeiture " is the equivalent of the word "penalty " ;
it imports a penalty. (*Van Buren* v. *Digges*, 11 How. U. S.
461; *Stearns* v. *Barrett*, 1 Pick. 443: *Salters* v. *Ralph*, 15
Abb. Pr. 273.)

It has been held that in an agreement to convey land, and on
default to pay a certain sum of money, or where the contract-
or agreed to do certain work, with a provision to pay a certain
sum for each day's delay beyond the day fixed, or an agree-
ment not to carry on a certain business at a named place, with
a promise to pay a sum in case of violation of the agreement
(*Streeter* v. *Rush*, 25 Cal. 71), if it appears that the parties
intended the sum named to be considered liquidated damages,

courts will not interfere with the contract, even if it might seem to have been an improvident agreement. But where it appears that the parties intended the sum named to be a forfeiture or penalty, it has been generally held that the party in whose favor the penalty or forfeiture exists must prove his damage.

In the case before us, there is no claim of special damage ; it might have been quite difficult for the defendant to show any damage of a pecuniary nature, for the non-completion of the monument at the time specified, though its completion might have been of great comfort and consolation to her affectionate remembrance.

Upon the subject of liquidated damages and a penalty, we quote from 1 Sutherland on Damages, 480, as a clear statement of the result of the various decisions :

" The intention of parties on this subject, under the artificial rules that have been adopted, is determined by every latitudinary construction. To be potential and controlling, that a stated sum is liquidated damage, that sum must be fixed as the basis of compensation, and substantially limited to it; for just compensation is recognized as the universal measure of damages not punitory : parties may liquidate the amount by previous agreement. But when a stipulated sum is evidently not based on that principle, the intention to liquidate damages will either be found not to exist, or will be disregarded, and the stated sum treated as a penalty. Contracts are not made to be broken ; and hence, when parties provide for consequences of a breach, they proceed with less caution than if that event was certain, and they were fixing a sum actually to be paid. The intention in all such cases is material ; but to prevent a stated sum from being treated as a penalty, the intention should be apparent to liquidate damages in the sense of making just compensation : it is not enough that the parties express the intention that the stated sum shall be paid in case of a violation of the contract. A penalty is not converted into liquidated damages by the intention that it be paid; it is intrinsically a different thing, and the intention that it be paid cannot alter its nature. A bond, literally construed, imports an intention that the penalty shall be paid, if there be default in the performance of the condition ; and formerly that was the legal effect. Courts of law,

now, however, administer the same equity to relieve from penalties in other forms of contracts as from those in bonds.   The evidence of an intention to measure the damages, therefore, is seldom satisfactory, when the amount stated varies materially from a just estimate of the actual loss finally sustained."

For these reasons, we are of opinion that the sum named is to be regarded as a penalty, and that the plaintiffs were entitled to recover the whole of the balance unpaid.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.