[Civ. No. 2598. Fourth Appellate District.—February 20, 1941.]

JOSEPH L. BOYD, as Administrator, Appellant, v. J. M. LANCASTER, Respondent.

Edgar T. Fee for Appellant.

J. O. Reavis and Chapman & Chapman for Respondent.

BARNARD, P. J. — This is an action, originally filed through a guardian *ad litem,* to set aside a deed by which Henry O. Boyd had conveyed certain property to J. M. Lancaster. The deed recited a consideration of $10. Among other things, the complaint alleged that at the date of the deed Boyd was of unsound mind and physically and men-

tally incapable of handling his business affairs. In his answer the defendant Lancaster alleged, among other things, that the deed had been given and accepted in full satisfaction of certain debts theretofore owed to him by the grantor. In a cross-complaint, he sought to have his own title quieted. An amendment to the complaint was later filed, in which the plaintiff offered to pay any amounts due to the defendant, with interest thereon.

On June 29, 1937, the court signed and filed findings of fact and conclusions of law, in which it was found that at the date of the deed Boyd was "a person of unsound mind, but not entirely without understanding"; that the consideration for the conveyance was grossly inadequate; that by reason of those facts the conveyance was voidable; that Lancaster had made certain advancements to Boyd; and that there was "now due and unpaid" certain sums which with interest thereon amounted to $5,300. As conclusions of law it was found that the property should be reconveyed to Boyd by Lancaster upon the payment of $5,300 within sixty days from and after July 1, 1937, and that if it was not paid title was to be quieted in Lancaster. No interlocutory judgment appears in the record, although a purported "order modifying interlocutory judgment" was filed on July 26, 1937, purporting to grant an extension of time to August 15, 1937, in which to comply with "the interlocutory order" filed "on the 29th day of May, 1937, designated 'An Interlocutory Judgment.'" No such an interlocutory order appears in the record.

On August 16, 1937, an order was entered "that a stay of proceedings to comply with the order heretofore made by the court be granted to and including August 30, 1937." On August 26, 1937, the plaintiff filed an application for an extension of time within which to deposit the funds, noticing the same for hearing on August 30, 1937. On August 30, 1937, the court entered an order on its own motion and for good cause, continuing the hearing of this matter to September 20, 1937. Some time during the night of August 30–31, 1937, Henry O. Boyd died. In the meantime, on August 27, 1937, the plaintiff had caused an oil company to deposit $5,300 with a title company, which amount, however, was deposited conditionally in accordance with certain escrow instructions.

On September 21, 1937, the court entered an order reciting that the plaintiff had failed to comply "with the interlocutory judgment of June 29, 1937", and the orders of July 26, 1937, and August 16, 1937, and ordering that title to the property be quieted in the defendant "as provided in the interlocutory decree of June 29, 1937" and, after reciting that the time fixed for paying the money had expired, ordering that judgment be entered *nunc pro tunc* as of August 17, 1937. On September 22, 1937, a judgment was entered quieting title in the defendant and further ordering that the same be entered *nunc pro tunc* as of August 31, 1937.

On November 10, 1937, letters of administration in the estate of Henry O. Boyd were issued to Joseph L. Boyd and on November 15, 1937, on motion, said administrator was substituted as the party plaintiff. On November 16, 1937, he filed notice of appeal from the judgment which had been entered. That judgment was reversed by this court on the ground that the authority of the guardian *ad litem* had ended with the death of the ward, and that the judgment entered after the death of the real party in interest was void since no substitution of parties had been made. (*Boyd* v. *Lancaster*, 32 Cal. App. (2d) 574 [90 Pac. (2d) 317].) The *remittitur* was issued on July 8, 1939, but in the meantime and on June 14, 1939, the substituted plaintiff had deposited $5,300 with the clerk of the trial court, tendering the same in compliance with the interlocutory judgment and giving notice thereof. It is stated in appellant's brief, and not denied, that said sum of money has at all times since and now remains on deposit with said clerk.

On July 24, 1939, the court heard motions made by the respective parties, each asking for the entry of judgment in his favor, and on August 2, 1939, the plaintiff's motion was denied and the defendant's motion granted. On August 17, 1939, a judgment was entered adjudging and decreeing that the time limited by the respective court orders within which the plaintiff might deposit $5,300 with the clerk as a condition to obtaining the relief sought by him expired on August 30, 1937, that no extension of time beyond that date had ever been made, and that by reason of the plaintiff's failure to comply with the court orders any right he might have to recover the property had terminated. The judgment contained further provisions quieting the title to the prop-

erty in the defendant. From this judgment the plaintiff has appealed.

So far as the record shows, no formal interlocutory judgment or decree was ever entered, but an order for this purpose may be just as effective. (*Thompson* v. *White,* 63 Cal. 505.) In so far as the instant case is concerned, it seems fully to have been understood by all parties that an opportunity was given to the appellant, pending the entry of a final judgment, to pay $5,300 and thereby avoid the entry of a judgment quieting title in the defendant. In *Leslie* v. *Federal Finance Co., Inc.,* 14 Cal. (2d) 73 [92 Pac. (2d) 906], the court held that the right given by such an interlocutory order partakes of the nature of a right of redemption rather than that of an option and that, in general, the rules governing forfeitures apply. In that case, which involved an offer of performance of the requirements of an interlocutory judgment, the offer being made some eight days after the required time had elapsed, it was not only held that the trial court had power to enlarge the time of payment called for in the interlocutory decree, but it was stated that under the circumstances and in the absence of evidence that the other party had been substantially prejudiced by the delay it was the duty of the court to grant relief from the forfeiture.

In the instant case the equities are in favor of the appellant. If it be conceded that the conditional deposit of $5,300 with a title company on August 27, 1937, was not a substantial compliance with the terms of the interlocutory order the fact remains that the required amount was deposited with the clerk of the court in compliance with the order before the judgment appealed from was entered. The court's adjudication or finding that the time within which the appellant might deposit the $5,300 with the clerk of the court expired on August 30, 1937, and that no extension of time beyond that date had ever been made, is not supported by the record. On August 26, 1937, an application for an extension of time was filed and noticed for August 30, 1937. On that day, the court ordered the hearing on the same continued to September 20, 1937. It can hardly be questioned that the effect of that order, in such a case as this, was to extend the time within which the money might be deposited to September 20, 1937. Before the matter was

heard the real party plaintiff died and the court's authority to pass upon the matter was suspended, as held on the former appeal, until an administrator was appointed and a substitution made. This was completed on November 15, 1937, and the next day an appeal was taken which again suspended the power of the court to act until the appeal was determined. Nothing was done on November 15, 1937, with respect to passing upon the application for an extension of time which was then pending, and nothing could be done thereafter until the *remittitur* was issued on July 8, 1939. In the meantime, and before any action could be taken by the court, the required amount was deposited with the clerk. We think it must be held that the time within which the deposit could be made was extended beyond August 30, 1937, and that the death of the party and the former appeal, which successively suspended the power of the court to act in the meantime, extended the time until the coming down of the *remittitur*, at which time the required amount had been deposited. We conclude, therefore, that there was a substantial and actual compliance on the part of the appellant with the terms of the interlocutory order within the time allowed under the law, and that the court erred in holding to the contrary.

The judgment is reversed with directions to enter judgment in favor of the appellant, with an appropriate order turning over the money deposited to the respondent.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied March 20, 1941, and respondent's petition for a hearing by the Supreme Court was denied April 17, 1941.