[Civ. No. 3037.   Fourth Dist.   July 20, 1942.]

JOSEPH L. BOYD, as Administrator with the will annexed, etc., Respondent, v. J. M. LANCASTER, Appellant.

J. O. Reavis, Chapman & Chapman and John S. Chapman for Appellant.

Edgar T. Fee for Respondent.

BARNARD, P. J.—This is an action to set aside a deed from Henry O. Boyd to J. M. Lancaster. On June 29, 1937, the court found that the deed was voidable because of the mental condition of Boyd and the inadequacy of the consideration, but that $5,300 was due to Lancaster on account of advancements made to Boyd. It was concluded that the property should be reconveyed to Boyd on the payment of $5,300 to Lancaster within sixty days and if the amount was not paid title was to be quieted in Lancaster. In September, 1937, and after the death of Boyd, it was found that the money had not been paid within the time allowed and judgment was entered quieting title in the defendant. On appeal, that judgment was reversed because no substitution of parties had been made after the death of Boyd. (*Boyd* v. *Lancaster*, 32 Cal. App. (2d) 574 [90 P. (2d) 317].)

On August 17, 1939, another judgment was entered decreeing that the $5,300 had not been paid within the time allowed, that no extension of time therefor had been given, and quieting title to the property in the defendant. The plaintiff again appealed from that judgment and the same was reversed on the ground that the time for the payment of the money had been extended and that there had been a substantial and actual compliance on the part of the plaintiff with the terms of the interlocutory order. (*Boyd* v. *Lancaster*, 43 Cal. App. (2d) 161 [110 P. (2d) 532].) The order of reversal was as follows: ''The judgment is reversed with directions to enter judgment in favor of the appellant, with an appropriate order turning over the money deposited to the respondent.''

In compliance with said order the trial court on July 9, 1941, entered a judgment in favor of the plaintiff. The defendant moved for a new trial, which motion was denied on September 8, 1941. The defendant then gave notice of appeal from this judgment on September 16, 1941, and the appeal is presented upon a transcript of the evidence.

The appellant filed his opening brief and thereafter the respondent moved to dismiss this appeal on the grounds that all matters in controversy have been finally determined on the previous appeals, that these decisions have become the law of the case, and that notice of appeal, being filed more than sixty days after the entry of the judgment, was too late since the appellant had no right to move for a new

trial and the purported motion therefor could not have extended the time for taking an appeal.

The respondent particularly relies on *Kramer* v. *Superior Court*, 35 Cal. App. (2d) 239 [95 P. (2d) 158]; *Snoffer* v. *City of Los Angeles*, 14 Cal. App (2d) 650 [58 P. (2d) 961]; and *Lial* v. *Superior Court*, 133 Cal. App. 31 [23 P. (2d) 795]. These cases are not controlling under the circumstances which here appear. The Kramer case held, in effect, that when a judgment has been entered as rendered by an appellate court the trial court has no jurisdiction to entertain a motion for a new trial or to otherwise modify the judgment insofar as the issues have been settled on the previous appeal. In the Snoffer case a judgment and order granting a new trial had been reversed on a previous appeal on the ground that the plaintiff's cause of action was barred, with directions for the entry of judgment in favor of the defendant. Such a judgment was entered, followed by an order granting a new trial. On appeal, this order was reversed on the grounds that the previous appeal had finally determined that the plaintiff could not maintain his action and that the complaint could not be so amended as to set up a good cause of action. On a previous appeal in the case of *Lial* v. *Superior Court, supra*, it had been held that the contract on which the plaintiff relied was void and the judgment was reversed with directions to enter judgment against the plaintiff. This was done but a motion for a new trial was then granted. This order was reversed on the ground that the cause had been determined on its merits and that new issues could not, therefore, be set up by amendment in order to secure a trial *de novo*.

In *Phillips* v. *Patterson*, 34 Cal. App. (2d) 481 [93 P. (2d) 807], the question was presented whether a plaintiff was entitled to execution after final judgment entered as directed by the appellate court. A prior appeal had been taken under section 953a of the Code of Civil Procedure but which, by stipulation, had presented the sole question as to whether the negligent person was an independent contractor or the agent of the company sought to be charged, and waiving all other issues. It had been held on that appeal that the negligent person was an agent of the company and not an independent contractor and judgment had been ordered entered against the company. This had been done and no appeal was taken from the directed judgment and no motion

for a new trial was made. It was held that the original appeal taken under section 953a had raised every issue involved in the action, that all issues had been specifically waived except the issue of agency, and that the directed judgment was, therefore, final and conclusive. It was pointed out in that case, however, that "There is no specific statutory authorization to move for a new trial, or to appeal from a directed judgment, but the language of some of the last-cited cases seems to indicate a recognition of a right to appeal from a failure or refusal of a trial court to enter judgment in the manner directed by a reviewing court, or from a directed judgment against a party to litigation in whose favor the original judgment was rendered, when errors occur at the trial *that were not presented in the record upon the former appeal.* " After reviewing several such cases, the court said:

"In reconciling the cases relied upon by the respondents with those cited by the petitioners, in the light of the Constitution, article VI, section 4¾, and sections 53 and 956a of the Code of Civil Procedure, we assume that an appeal may lie from a judgment directed by a reviewing court which for the first time fixes a liability upon a party to the litigation, when the method of the original appeal gave him no opportunity to review errors alleged to have occurred at the trial. There is no doubt that, in justice, such a privilege should exist."

In *Klauber* v. *San Diego St. Car Co.*, 98 Cal. 105 [32 Pac. 876], a judgment for the defendant had been reversed on a former appeal on the judgment roll alone with directions to enter a judgment for the plaintiff, which was done. The defendant then appealed from that judgment and prepared and presented a bill of exceptions. The plaintiff moved to dismiss that appeal on the ground that the directed judgment was final. After pointing out that the defendant had had no opportunity on the former appeal to present for review errors which had been committed against him at the trial, the court said: "As it is only when upon the second appeal the record presents the same matters, either of fact or of law, upon which the determination of this court was rendered at the former appeal, that that determination is held to be final, it follows that, if there is presented, upon the second appeal, a different state of facts or any errors that were committed by the trial court which were not presented in the former record, this court is at liberty to consider them as fully as though presented upon a first appeal." And

further, after discussing *Heinlen* v. *Beans,* 73 Cal. 240 [14 Pac. 855]: "The present case differs materially from that, however, in that it presents a bill of exceptions containing matters directly affecting the findings of fact upon which the judgment rests, and as those matters were not before the court upon the former appeal, the 'law of the case' has no application." In *Gore* v. *Bingaman,* 20 Cal. (2d) 118 [124 P. (2d) 17], it is said: "A final judgment entered by a superior court under the direction of an appellate court is appealable. [Citing cases.] . . . The second appeal must be limited to questions arising from the action of the trial court which were not involved in the prior appeal."

Beyond question, issues are raised on this appeal which were not presented or considered on the two prior appeals, each of which was presented upon a bill of exceptions and each of which was taken by this respondent. On the first appeal the only matter considered was the failure to make a proper substitution of parties before entry of the judgment. On the second appeal, the only issue decided was as to whether there had been a failure to comply with the terms of the preliminary order requiring the payment of money to the other party. The judgment now appealed from was the first one entered against this appellant and this appeal offers him his first chance to attack the essential findings upon which a judgment in favor of the respondent must be based. A number of questions are here presented which were not presented or considered on the former appeals, including the sufficiency of the evidence to support the court's findings as to the mental condition of Henry O. Boyd, the failure to give a proper notice of rescission, the absence of a necessary party and other questions.

There can be no question that this appellant had the right to appeal from this judgment and we think it should also be held that he had a right to move for a new trial, this being the first judgment entered which was in any way adverse to him. While there is no statute specifically giving such a right after the entry of a directed judgment no reason appears, under these circumstances, why this judgment should not be treated like any other judgment for this purpose or why the usual rules relating to motions for a new trial should not apply. The right of appeal carries with it the right to have considered such matters as were formerly considered on an appeal from an order denying a new trial.

The moving party might, in many cases, contend that the judgment as entered did not comply with the directions of the appellate court and there is good reason for allowing such questions to be passed upon on motion for a new trial before resorting to an appeal. In the absence of authority to the contrary, we therefore hold that the appellant had a right to move for a new trial and his appeal having been taken within the statutory time after that motion was denied, it follows that the appeal was taken in time.

For the reasons given the motion to dismiss the appeal is denied.

Marks, J., concurred.