[L. A. No. 24051. In Bank. June 28, 1956.]

COUNTY OF SAN DIEGO, Respondent, v. W. F.
MILOTZ, JR., et al., Appellants.

Parker, Stanbury, Reese & McGee, Raymond G. Stanbury, James S. Lowrie and James B. Abbey for Appellants.

James Don Keller, District Attorney, and Duane J. Carnes, Deputy District Attorney, for Respondent.

SPENCE, J.—This action originally was filed in the municipal court in San Diego on November 19, 1952. Plaintiff county sought to recover from defendants—Milotz, a court reporter; Perrigo, the county auditor; and the latter's two bonding companies—reporter's fees alleged to have been illegally allowed and paid to Milotz. The municipal court entered a judgment of dismissal, after sustaining demurrers to the amended complaint without leave to amend. The judgment was reversed on appeal and the cause was remanded for further proceedings. (*County of San Diego* v. *Milotz*, 119 Cal.App.2d Supp. 871 [260 P.2d 282].) An amended complaint was then filed in the municipal court. Defendants filed answers setting up, among other defenses, the statute of limitations. At the same time defendant Milotz filed a cross-complaint, demanding $7,700 because of an alleged underpayment of salary. Since this amount exceeded the jurisdiction of the municipal court, the action was transferred to the superior court. Trial therein resulted in a judgment in favor of plaintiff county on its complaint for the sum of $1,319.55, and a judgment in favor of plaintiff county and

against defendant Milotz on the latter's cross-complaint. All defendants appeal from the judgment in favor of plaintiff on its complaint; and, in addition, Milotz appeals from the adverse judgment on his cross-complaint.

Milotz was an official reporter of the municipal court in San Diego, duly appointed pursuant to former provisions of section 274c of the Code of Civil Procedure, now in substance contained in section 72194 of the Government Code. He entered into a a series of contracts with the county of San Diego, purporting to fix his compensation as a reporter in the municipal court—$400 per month salary plus the fees provided in section 274 of the Code of Civil Procedure for the transcription of proceedings in felony cases. The contracts were for the fiscal years 1949-1950 through 1952-1953. Between August 15, 1949, and September 18, 1951, Milotz, upon order of the presiding magistrate, reported some one hundred and thirty preliminary hearings in felony cases. In each case the transcript was filed with the county clerk, but the filing was not made within 10 days after the close of the preliminary examination. Upon certification by the county auditor and following the directive of the presiding judge of the municipal court, Milotz was paid at the full rate ordinarily allowed for such reporting services. In addition, he received his monthly salary of $400.

The county sought to recover one-half of the several sums paid Milotz for the transcripts, claiming that under section 869 of the Penal Code he was only entitled to one-half of the ordinary rate for such reporting services, since he did not file the transcripts within the required time. In resisting the county's claims, defendants pleaded the bar of the statute of limitations applicable to an action for a penalty or forfeiture. (Code Civ. Proc., § 340, subd. 1.) Milotz also claimed, by way of cross-complaint, that his $400 monthly salary was an underpayment under the law, and he sought recovery of the difference between the amount paid and the amount to which he claimed to be entitled.

Defendants properly contend that plaintiff's action is "upon a statute for a penalty or forfeiture" and is barred by section 340, subdivision 1, of the Code of Civil Procedure, which provides that "an action upon a statute for a penalty or forfeiture, . . . except when the statute imposing it prescribes a different limitation," must be brought "within one year" after the cause accrued. This action was commenced on November 19, 1952, and the date of the last challenged

payment was October 16, 1951. Section 869 of the Penal Code, the statute involved in determining the propriety of the payments in question, prescribes no period of limitation. After providing for the reporting of testimony taken in preliminary examinations in felony cases before the municipal court, section 869 continues: "Fifth—The reporter shall, within ten days after the close of such examination, if the defendant be held to answer the charge, . . . certify and file both said original and copy with the county clerk of the county, or city and county, in which the defendant was examined. The reporter shall, before receiving any compensation as such reporter, file with the auditor of the county his affidavit setting forth that said transcriptions have been filed with said county clerk within the time herein provided for. The compensation of the reporter for any services rendered by him as such reporter in any court of this State shall be reduced one-half if the provisions of this section as to the time of filing said transcript have not been complied with by him."

"The term 'penalty' has a very comprehensive meaning. While often used as synonymous with the word 'punishment,' or as including a sum payable upon the breach of a private contract, it has also the more restricted meaning of a sum of money made payable by way of punishment for the nonperformance of an act or for the performance of an unlawful act, and which, in the former case, stands in lieu of the act to be performed." (20 Cal.Jur., § 1, pp. 977-978; see Words and Phrases, vol. 31, p. 596; *Powell* v. *Allan,* 70 Cal.App. 663, 672-673 [234 P. 339].) Plaintiff's action comes within this concept, since it is based upon an alleged default or breach of duty on the part of Milotz in failing to file the transcripts in question within the required statutory time. For such delay it seeks to impose a penalty or forfeiture of 50 per cent of his otherwise payable compensation. "Forfeiture" imports "a penalty" (*Muldoon* v. *Lynch,* 66 Cal. 536, 539 [6 P. 417]), a "requirement to pay the sum mentioned as a mulct for a default or wrong." (*People* v. *Reis,* 76 Cal. 269, 277 [18 P. 309] ; see *Agudo* v. *County of Monterey,* 13 Cal.2d 285, 289 [89 P.2d 400].)

Section 869 of the Penal Code provides for a stated monetary punishment of the reporter by reason of his noncompliance with the filing time requirements and without any reference whatever to the question of damages. The purpose of the statute is clearly to provide for the prompt

delivery of preliminary transcripts in felony cases in which a defendant is held to answer, and for noncompliance therewith an arbitrary pecuniary punishment is imposed. Plaintiff argues that the statute only raises the issue of overpayment if, despite the reporter's delay in performing his required services, the reporter is paid full, rather than half compensation, and accordingly the county is entitled to recover the excess amounts paid. (*County of Marin* v. *Messner*, 44 Cal.App.2d 577 [112 P.2d 731]; *Aebli* v. *Board of Education*, 62 Cal.App.2d 706 [145 P.2d 601].) ██ But the cited cases merely recognize the settled rule that compensation for official services depends entirely upon the law; that statutes relating to such compensation are strictly construed in favor of the government; that a public officer may only collect and retain such compensation as is specifically provided by law, and that any money paid by a governmental agency without authority of law may be recovered from such officer. (21 Cal.Jur. § 119, pp. 941-942; § 124, pp. 949-950.) ██ Defendants do not dispute that section 869 of the Penal Code should be strictly construed in determining the legality of reporter fees paid thereunder, but they properly contend that as so construed, a penalty or forfeiture should be recognizable in such statute and an action brought thereon is subject to the applicable period of limitations. (Code Civ. Proc., § 340, subd. 1.) ██ The language of said section 869 clearly indicates the Legislature's intent to impose a penalty or forfeiture upon the reporter for his failure to file the transcript within the prescribed 10 days, for he thereby suffers an arbitrary forfeiture of 50 per cent of what he would otherwise receive and without regard for any excuse for his delay in performance. In such circumstances, the statute must be held to provide a penalty or forfeiture for noncompliance, notwithstanding its use of the words "shall have his compensation reduced." (20 Cal.Jur. § 4, pp. 980-981; *cf. Hansen* v. *Vallejo Electric Light etc. Co.*, 182 Cal. 492, 495 [188 P. 999]; *County of Los Angeles* v. *Ballerino*, 99 Cal. 593, 596 [32 P. 581, 34 P. 329].)

██ Plaintiff further argues that the doctrine of "the law of the case" precludes defendants from insisting that section 869 of the Penal Code imposes a penalty or forfeiture. Disregarding the question of whether the doctrine would be applicable in these successive appeals despite the limited jurisdiction of the appellate court in the first appeal (5 C.J.S. § 1829, subd. b, p. 1285; see *Gore* v. *Bingaman*, 20 Cal.2d 118,

121 [124 P.2d 17]) and also the matter of harshness of the doctrine where rigid adherence thereto would produce an unjust result (see *England* v. *Hospital of Good Samaritan*, 14 Cal.2d 791, 795 [97 P.2d 813]), the doctrine nevertheless would have no bearing here. While in reversing the judgment of dismissal entered upon the sustaining of demurrers to the complaint in this action as originally filed in the municipal court, the appellate department of the superior court declared that said section 869 ''does not provide for a penalty but for reduction of compensation for work not performed within the time required by law,'' such statement was directed solely to defendants' argument that ''since penalties are not favored in the law, the plaintiff (county) should not be permitted recovery.'' (*County of San Diego* v. *Milotz, supra*, 119 Cal. App.2d Supp. 871, 886.) But the issue of the statute of limitations was not, and could not have been, considered under the pleadings before the appellate department, for defendants did not raise this issue until their pleading of it as a defense in their answers to the amended complaint following remand of the action for further proceedings. Where different questions arise on the second appeal and the record presents a new consideration affecting the disposition of the later appeal, the former observations have no binding force and the second appeal must be determined on the merits of the issues then submitted. (4 Cal.Jur.2d § 697, pp. 603-604; 5 C.J.S. § 1827, p. 1281; *Estate of Sargavak*, 41 Cal.2d 314, 318 [259 P.2d 897]; *Boyd* v. *Lancaster*, 53 Cal.App.2d 479, 483 [128 P.2d 41].)

There now remains the question of the propriety of the judgment on the cross-complaint of defendant Milotz. In this connection Milotz argues that by the provisions of section 261a.8 of the Code of Civil Procedure (Stats. 1951, ch. 1763, § 1, effective September 22, 1951), he was entitled by general law to a salary of $600 per month, running from October 1, 1951, to and including October 31, 1953; that prior to that time, running from July 1, 1949, to and including September 30, 1951, pursuant to section 261b of the Code of Civil Procedure, he was entitled to a salary of $500 per month; that section 274c of the Code of Civil Procedure, from its original enactment in 1927 until it was amended in 1953, provided that sections 270 to 274, *inclusive*, of said code should be ''applicable to the qualifications, duties, official oath, certification of transcripts and fees of official reporters of municipal courts''; that section 274 of the Code of Civil Procedure continuously

from 1903 and during the time here involved provided for reporters' per diem fees for taking down testimony and other court proceedings and a scale of fees for transcribing the same; that by section 261a.8 of the Code of Civil Procedure, by which section 274 was in part superseded, a change was made in the method of compensating the official reporters of the superior courts, in that they were allowed, in lieu of compensation, a salary of $7,200 per year, each, plus fees for transcribing the testimony and other court proceedings taken down by them "as provided by section 274 of the Code of Civil Procedure and by any other law of this State pertinent to the case"; that in 1953, section 274 of the Code of Civil Procedure was finally repealed and section 274c was so amended that for the original reference therein to sections 270 to 274, inclusive, of that code, there was substituted a reference to sections 69942 to 69953, inclusive, of the Government Code, covering the same ground. In so arguing the application of·these statutory provisions to his compensation claim, defendant Milotz maintains that his purported contracts with the county for compensation were of no force and effect, that they were executed by reason of mutual mistake, and that the compensation of court attachés is purely a legislative matter. (*Simpson* v. *Payne,* 79 Cal.App. 780 [251 P. 324]; *Slavich* v. *Walsh,* 82 Cal.App.2d 228 [186 P.2d 35].)

There is no merit in these salary claims of Milotz. ▮ In the first place, the compensation for municipal court reporters contemplated by section 274c of the Code of Civil Procedure is therein described as "fees," not salary. The salaries of superior court reporters were provided in sections 261a.8 and 261b of the Code of Civil Procedure. ▮ While "fees" in some cases have been held to include salaries (*State ex rel. O'Connor* v. *Riedel,* 329 Mo. 616 [46 S.W.2d 131, 133]), there is a distinction in that "fees" ordinarily constitute payment for particular services performed, while "salaries" constitute fixed compensation for continuous services over a period of time. (*McNair* v. *Allegheny County,* 328 Pa. 3 [195 A. 118, 121].)

▮ Moreover, sections 270 to 274, inclusive, of the Code of Civil Procedure were made applicable to municipal court reporters by section 274c of that code, and when one statute incorporates the provisions of another by specific reference to the title, the latter is incorporated as it exists and not as it is subsequently modified. (*Rancho Santa Anita, Inc.* v. *City*

*of Arcadia,* 20 Cal.2d 319, 322 [125 P.2d 475].) ██ Neither in its original form nor in any reenactment of it does section 274c of the Code of Civil Procedure make any reference in any way to the new section 261a.8 of the Code of Civil Procedure or to section 70048 of the Government Code, by which that section was as to the salaries of superior court reporters in San Diego County superseded, or purport in any express way to incorporate therein any of the provisions thereof. It therefore follows that section 274c of the Code of Civil Procedure does not incorporate within itself any provisions relative to the salary of municipal court reporters, nor make any provision for salaries of municipal court attachés.

██ Rather during the time here involved, sections 270 to 274, inclusive, of the Code of Civil Procedure, provided a per diem fee for taking down court proceedings in both civil and criminal cases, and also a scale of fees for transcriptions. These incorporated provisions must be read and construed with the provisions of section 869 of the Penal Code, which deal with the reporting of testimony taken in preliminary examinations before magistrates.

██ Municipal courts have jurisdiction in certain criminal cases amounting to misdemeanors (Pen. Code, § 1462) and in enumerated civil cases (Code Civ. Proc., § 89). The municipal court reporters report and transcribe these proceedings. ██ The provisions of section 274 of the Code of Civil Procedure, formerly incorporated by reference in section 274c of that code, and the provisions of sections 69947-69953 of the Government Code, since the amendment of 1953 incorporated in said section 274c, fix the per diem for taking down such proceedings, and apparently cover compensation for reporting services in both misdemeanor and civil cases generally. The transcription fees are now fixed by section 69950 of the Government Code. ██ It appears that in misdemeanor cases, the taking down and transcription of testimony and other proceedings is a public charge only when the court so specifically directs, and this direction can only be made at the demand of either the district attorney or the defendant or his attorney (Code Civ. Proc., § 274c, incorporating Gov. Code, § 69952), in which event they are payable on the court's order from the county treasury. ██ In civil cases in municipal courts, both the per diem fees for taking down the proceedings and also the fees for transcription are expressly made payable by the parties. (Code Civ. Proc., § 274c, incorporating Gov. Code, § 69953.) ██ When,

therefore, the several enactments now and heretofore in fact incorporated by reference in section 274c of the Code of Civil Procedure are read in connection with section 869 of the Penal Code, it appears that in all classes of criminal cases cognizable in the municipal courts, and in all civil cases therein in which the reporters are under obligation to perform services, the compensation therefor has been provided by specific action of the Legislature itself, and the scheme has from the outset contemplated that their compensation should consist entirely of fees, and in no part of salaries. Accordingly, we conclude that the provisions for salaries of superior court reporters in San Diego are inapplicable to municipal court reporters in that county, and that there is no legal basis for the salary claim embraced in the cross-complaint of Milotz.

The judgment in favor of plaintiff on its complaint is reversed, but the judgment in favor of plaintiff and against defendant Milotz on the latter's cross-complaint is affirmed; the parties to bear their own costs on these appeals.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and McComb, J., concurred.