[Civ. No. 9184. Second Appellate District, Division One.—July 28, 1933.]

ALFREDA NOLAND, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

Daniel V. Noland for Petitioner.

No appearance for Respondent.

HOUSER, J.—Petitioner seeks from this court its writ of mandate by which respondent, in the regular course of his official duty as County Auditor of the County of Los Angeles, shall be required to draw his warrant in favor of petitioner on the treasurer of said county in payment of each of two designated claims which petitioner has presented to said respondent on account of official services rendered by petitioner as a court reporter *pro·tempore* while performing official duties as such in the Superior Court of the County of Los Angeles.

From the verified petition herein it appears that respondent is the duly qualified and acting County Auditor of the County of Los Angeles; that during all pertinent

times in question petitioner was a duly qualified and acting official reporter *pro tempore* of the Superior Court of the State of California, in and for the County of Los Angeles; that on each of two specified occasions petitioner was duly assigned to perform and, in pursuance thereof, did perform services as such court reporter, which fact was certified by a judge of said superior court, who thereupon made his order by which respondent was directed to draw his warrant on the treasurer of the county of Los Angeles in payment of such services; that the correctness of said claim was also certified by a deputy clerk of the county clerk of said county; that thereupon petitioner presented to said respondent each of the aforesaid orders respectively, and demanded of said respondent that he issue a warrant in favor of petitioner on the said treasurer in accordance with said order; but that said respondent then refused, and still refuses, so to do.

Respondent has filed no answer to said petition; nor has he at any time seen fit to file any objection to the demand of petitioner, or to make any argument, or to present any authority in opposition thereto. On the other hand, petitioner's position in the matter seems to be amply supported not only by rule of the superior court, but as well by statute and by judicial precedent. This court knows of no authority to the contrary.

In such circumstances, it is ordered that a peremptory writ of mandate issue as prayed.

Conrey, P. J., and York, J., concurred.