[Civ. No. 9759. Second Appellate District, Division Two.—July 18, 1934.]

SAMUEL RAPPAPORT, Petitioner, v. H. A. PAYNE, as County Auditor, etc., Respondent.

Dan V. Noland for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondent.

ARCHBALD, J., *pro tem.*—Petitioner worked as court reporter in department 24 of the Superior Court of Los Angeles County on the twentieth and twenty-first days of December, 1932. The clerk of said court certified that such services were rendered and the judge presiding in the department made his certificate of the fact that they were rendered under his order and were a just and legal charge against the county, and ordered the county auditor to draw his warrant on the treasurer in payment thereof. The amount of each order was $15. Demand was made by petitioner for the issuance of such warrants, which was refused by the auditor. This proceeding is brought to compel their issuance.

It is not denied that petitioner, while a qualified reporter on the eligible list, was not on the designated official list of reporters of said superior court, and that the official reporter assigned to department 24 was assisting the official reporter in department 27 of said court in reporting and transcribing the testimony in a case pending in that department on the 20th of December. On the twenty-first day of December said official reporter was working in department 24 and petitioner was assisting him in reporting and transcribing the testimony in a criminal case therein pending. The offical reporter of department 24 was paid the *per diem* fee of $15 for his services on said day. The minutes of department 24 for the 20th of December state: ''There being no official reporter available, the court appointed Samuel Rappaport as official reporter *pro tem.* for this department and he is so duly sworn.'' The record is silent as to any designation on the 21st, but there is no question but that petitioner actually worked in said department on both days.

Petitioner urges that under section 274 of the Code of Civil Procedure and Rule V of the rules of said superior court the court was authorized to make such appointment. Respondent contends that the appointment could only be

made, and the *per diem* fee made a charge against the county of Los Angeles by following the provisions of section 271 of the Code of Civil Procedure. Such section provides in substance that the official reporter of any superior court shall attend to the duties of his office in person "except when excused for good and sufficient reason by order of the court, which order shall be entered upon the minutes of the court", and that "employment in his professional capacity elsewhere shall not be deemed a good and sufficient reason for such excuse". The section then continues: "When the official reporter of any court has been excused in the manner provided in this section, the court may appoint an official reporter *pro tempore,* who shall perform the same duties and receive the same compensation during the term of his employment as the official reporter." Section 274 of the Code of Civil Procedure fixes the fee for reporting at $15 per day, and also fixes a fee for transcribing, which depends upon the number of words transcribed and the number of copies made of the transcriptions, and provides that in criminal cases and cases or proceedings involving the custody or support of a minor child, and "in which the court specifically so directs the fees for reporting and for transcripts ordered by the court to be made", such charges "must be paid out of the county treasury upon the order of the court, provided, *that when there is no official reporter in attendance,* and a reporter *pro tempore* is appointed, his reasonable expenses for traveling and detention must be fixed and allowed by the court and paid in like manner". Section 269 of the same code provides for the appointment of as many reporters as there are judges, "to be known as official . . . reporters of such court". Section 2 of Rule V of said superior court provides: "Whenever the services of a phonographic reporter are required in any department, *and there is no official reporter available,* an official reporter *pro tempore,* may, pursuant to the direction of the presiding judge, be assigned to such department by the judge presiding therein."

It will be seen that section 274 seems to sanction the employment of a *pro tempore* reporter when there is no official reporter in attendance, and such is the provision of Rule V. We must therefore assume that the appointment here was made pursuant to the direction of the presiding judge and that no official reporter was available.

Under section 271 of the Code of Civil Procedure no such appointment could be made by the court if the official reporter was not *excused for a good and sufficient reason by order entered on the minutes of the court*. No such order was made in the instant case. On December 20th the official reporter of the department in which petitioner acted was engaged elsewhere in his professional capacity. Under the section no valid excuse could be made. Suppose the reporter so absented himself, without asking to be excused, because a more remunerative case was pending elsewhere upon which he could employ himself. Suppose he failed to appear and the court could not ascertain why he failed to appear for duty and so could make no valid excuse. Must the court stop functioning until it can be ascertained if such excuse can be made, or proceed without such very necessary assistance, particularly in criminal cases? We think not. "A court set up by the Constitution has within it the power of self-preservation, indeed, the power to remove all obstructions to its successful and convenient operation. . . . While the above statement is true, there is this qualification thereof, which has been recognized at all times in this state: the legislature may at all times aid the courts and may even regulate their operation so long as their efficiency is not thereby impaired." (*Millholen* v. *Riley*, 211 Cal. 29, 33 [293 Pac. 69].) █ We think the legislature intended section 271 of the Code of Civil Procedure as an aid to the courts in keeping official reporters on their official jobs, but did not intend thereby to impair the courts' efficiency or restrict them in the necessary conduct of their official functions; and that if the language of the section imports anything further, it must be treated as directory only. (*Lorraine* v. *McComb*, 220 Cal. 753 [32 Pac. (2d) 960].) █ It is our opinion that the appointment of petitioner to serve as *pro tempore* official reporter on the 20th of December was authorized by law and that it was the duty of the auditor, under section 4091 of the Political Code, to issue a warrant on the treasurer to pay his fixed compensation for such day.

█ With regard to December 21st, we must assume that both reporters were not taking down testimony at the same time but that while one was so engaged the other was transcribing testimony theretofore taken down by him in the

same case, and that when he re-appeared in the courtroom after doing so he began taking down testimony and continued to do so while the other was transcribing the testimony taken by him. The $15 *per diem* was fixed by the legislature to cover reporting services. The time the reporter is engaged in transcribing the testimony himself, or in dictating the notes taken for an assistant to write up, is to be paid for out of the fee which the legislature has fixed for transcribing. There would seem to be no need for more than one reporter in court at a time, so far as the actual reporting is concerned, and therefore no need for but one *per diem;* and we know of no law or inherent power of the court which sanctions making a charge against a county of two *per diem* fees for reporting on the same case on the same day, which would in effect be requiring the county to pay a full day's fee for reporting when not to exceed one-half day was actually spent in such service, and would add to the fee for transcribing fixed by the legislature by requiring the county to pay for the reporter's time while so engaged during court hours, when the legislature has already provided for such pay in the fee fixed for transcribing. In our opinion the order made for such fee did not create a demand against the county authorized by law which the auditor was compelled to honor under section 4091 of the Political Code, and he was therefor justified in refusing to comply therewith.

Petition granted as to the claim for services on December 20, 1932, and denied as to the claim for December 21, 1932.

Stephens, P. J., and Craig, J., concurred.