[Sac. No. 6738.   In Bank.   Dec. 5, 1958.]

A. M. McNEIL et al., Respondents, v. BOARD OF RETIREMENT COUNTY OF STANISLAUS et al., Appellants.

Frederick W. Reyland, Jr., County Counsel, David G. Dunford and William R. Mitchell, Assistant County Counsel, and Clayton M. Ham, Deputy County Counsel, for Appellants.

Robert D. Carter and Ralph M. Brown, for Respondents.

TRAYNOR, J.—Defendants appeal from a judgment in an action brought by plaintiffs, official court reporters of the superior court of Stanislaus County, for a declaration of their rights under the County Employees Retirement Law of 1937. (Gov. Code, § 31450 et seq.)

The amount of plaintiffs' pensions on retirement will depend on the amounts of their normal and additional contributions to the retirement system. (Gov. Code, §§ 31627, 31673, 31675.) The county must contribute to the retirement system an amount equal to the reporters' accumulated normal contributions. Thus the more plaintiffs are permitted to contribute, the more the county must contribute.

The benefits of the retirement law are obtained by membership in the retirement association. (Gov. Code, § 31474.) Officers and attachés of the superior court become members of the association under section 31554 of the Government Code. That section provides: "In this section 'officer or attache of the superior court' includes all commissioners, *phonographic reporters who are paid salaries or per diems by the county and whose contributions are based upon such salaries or per diems*, secretaries, stenographers, investigators, messengers, or other employees of the court." (Italics added.)

Defendants contend that the foregoing section limits the basis of contributions to the salaries and per diems received by plaintiffs from the county for their official duties as superior court reporters. Plaintiffs contend that in addition to salaries and per diems the basis of contribution also includes fees for transcribing notes (Gov. Code, §§ 69950, 69951) and fees for services they frequently render to other county agencies.

Prior to 1945 phonographic reporters of the superior court were specifically excluded from the retirement association. (Stats. 1939, ch. 973, p. 2726.) In 1945 the definition of "officer or attache of the superior court" was amended to include "phonographic reporters who are paid salaries or per diems by the county and whose contributions *shall be based* upon such salaries or per diem, . . ." (Stats. 1945, ch. 1230, p. 2340.) (Italics added.) This mandatory language clearly expressed a legislative purpose to restrict the basis of contributions to salaries or per diems. In 1947 the County Employees Retirement Law of 1937 was codified as sections 31450 to 31822 of the Government Code and the words "shall be" were changed to "are." (Stats, 1947, ch. 424, p. 1269.)

This change in the course of codification did not change the meaning. (See *Sobey* v. *Molony*, 40 Cal.App.2d 381, 385 [104 P.2d 868] ; Gov. Code, §§ 2, 9.) It is apparent from the plain words of section 31554 that it restricts membership in the retirement association not only to reporters who are paid salaries or per diems by the county but to reporters "whose contributions are based upon such salaries or per diems." If membership was not to be so restricted the Legislature would have omitted this phrase. (See *County of San Diego* v. *Milotz*, 46 Cal.2d 761, 769 [300 P.2d 1].)

■ Plaintiffs contend that the purpose of the words "who are paid salaries or per diems by the county and whose contributions are based upon such salaries or per diems" is simply to exclude from the retirement association reporters who are not compensated by the county. This interpretation would render section 31554 completely superfluous, for the Legislature has excluded reporters not compensated by the county by defining "compensation" as remuneration paid from county funds (Gov. Code, § 31460) and by making the rate of contribution to the retirement system in turn dependent on "earnable compensation." (Gov. Code, § 31622.) Thus regardless of section 31554, reporters who are not compensated by the county may not contribute at all to the retirement system.

If the basis of contribution of the official reporters of the Superior Court of Stanislaus County were not limited to the salaries and per diems they receive there would be a gross disparity between the contributions allowed them and those allowed the reporters of the Municipal Court of Modesto, the county seat, for the basis of the latter's contributions is expressly limited to their salaries. (Gov. Code, § 73829.) ■ The code sections applicable to municipal court reporters and those applicable to superior court reporters are *in pari materia*. (See *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 639 [122 P.2d 526].) ■ In each of the years for which evidence was received at the trial, plaintiffs together were paid between $11,000 and $18,000 by the county over and above the salaries and per diems they received for their official duties. Since the Legislature clearly limited the municipal court reporter's basis of contribution to $400 per month ($600 since 1957), we cannot assume that it meant at the same time to permit a superior court reporter in the same county to use a basis that may be up to $950 a month higher. The converse argument, that since the Legislature

was less explicit in limiting superior court reporters than in limiting the reporters of the Municipal Court in Modesto, it did not mean to limit the former at all, is not persuasive. Section 31555 of the Government Code, which makes municipal court attachés members of the retirement association, and thus corresponds to section 31554 does not contain the limitation found in the second paragraph of section 31554. Thus, in the absence of a general limitation upon municipal court reporters, the specific limitation on the Modesto Municipal Court reporters applies.

The salaries and per diems upon which the contributions of phonographic reporters of the superior court are based are the compensation plaintiffs receive individually for performing their official duties. These official duties consist of taking notes in criminal cases in the superior court, for which each reporter receives a salary of $600 per month. (Gov. Code, § 69991), performing the duties specified in sections 269 and 274a of the Code of Civil Procedure, for which each receives a per diem as specified in sections 69948 and 69949 of the Government Code, and rendering stenographic or clerical assistance to judges of the superior court, for which a per diem not to exceed $20 is provided. (Gov. Code, § 69956.)

Plaintiffs, however, also receive fees from the county for transcribing notes in certain cases (Gov. Code, §§ 69950, 69951), for reporting and transcribing proceedings in the municipal and justice courts and before the grand jury and the coroner, and for taking and transcribing statements of accused persons for the district attorney. They receive these fees jointly and share them equally after deducting expenses. The various agencies request services as needed from both plaintiffs, and either of them may respond to the requests. Plaintiffs contend that as county employees they are entitled to have these fees included in the basis on which they contribute to the retirement system. Even if plaintiffs are employees as defined in section 31469 of the Government Code, they are nevertheless precluded from membership in the retirement association (except as officers or attaches of the superior court) by section 31561. That section provides: ''Any person employed under contract for temporary services requiring professional or highly technical skill is ineligible for membership.'' There can be no doubt that the services in question require professional (Bus. & Prof. Code, § 8015) or highly technical skill and that in performing them plaintiffs

are "employed under contract for temporary services." A contract is made every time a reporter responds to a call for service, and plaintiffs are compensated for each particular service rendered by either of them. The terms of each contract are determined by applicable statutes and recognized practice. (*Hammel* v. *Keehn,* 18 Cal.App.2d 387, 389 [63 P.2d 1165].)

If the services now under discussion had to be performed by the official court reporters personally (*cf.* Gov. Code, § 69945; *Rappaport* v. *Payne,* 139 Cal.App. 772 [35 P.2d 183]) they might be considered not temporary. It appears, however, that only as a matter of custom and convenience in Stanislaus County do the official reporters usually render these services. ▉ Thus, in taking statements of accused persons for the district attorney a reporter is not performing an "official duty" (*People* v. *Lee,* 55 Cal.App.2d 163, 170 [130 P.2d 168]). ▉ The grand jury "must appoint a competent stenographic reporter" to report and transcribe testimony (Pen. Code, § 925) but such a reporter need not be an official superior court reporter. (*People* v. *Delhantie,* 163 Cal. 461, 464-465 [125 P. 1066].) ▉ For the reporting of coroner's inquests, the coroner may "employ a clerk or stenographer for the purpose" whose compensation "shall be the same as that allowed to stenographers in the superior court," (Gov. Code, § 27502), but there is no requirement that he be an official court reporter. Similar provisions govern the services plaintiffs render in the municipal court (Gov. Code, §§ 73827, 73828; Pen. Code, § 869) and in the justice court (Pen. Code, § 869; *People* v. *McIntyre,* 127 Cal. 423, 426 [59 P. 779]; *People* v. *Nunley,* 142 Cal. 441, 443 [76 P. 45]).

Each time one of the plaintiffs responds to a call from an agency, he is expected to do only one job. The next time an agency needs a service performed, some other stenographer may be and sometimes is called. ▉ Since plaintiffs must always be available to perform their official duties (Gov. Code, § 69945) they can only temporarily become occupied with nonofficial services. The fact that plaintiffs hold themselves available for service to the various county agencies does not make the services the less temporary. The nature of the service, not the readiness to perform it, is the criterion established by the Legislature. ▉ The trial court's so-called finding that the services are not temporary simply involves the construction of a statute and its applicability to a given situation

and is actually a conclusion of law that does not bind this court. (*Pacific Pipeline Const. Co.* v. *State Board of Equalization,* 49 Cal.2d 729, 736 [321 P.2d 729].)

Since section 31561 of the Government Code precludes plaintiffs from contributing to the retirement system on the basis of fees received for the services in question, it is unnecessary to decide whether they might also be precluded as being independent contractors.

The fact that the reporters do not ordinarily do their own transcription work, but hire others for this purpose, supports the conclusions we have reached that the basis of the reporters' contributions is limited to salaries and per diems as official superior court reporters and excludes transcription fees and compensation received for service to the various other county agencies. The Legislature clearly intended retirement benefits to be purely personal compensation for personally rendered services, for section 31451 of the Government Code provides: "The purpose of this chapter is to recognize a public obligation to county and district employees who become incapacitated by age or long service in public employment and its accompanying physical disabilities by making provision for retirement compensation and death benefit as additional elements of compensation for future services and to provide a means by which public employees who become incapacitated may be replaced by more capable employees to the betterment of the public service without prejudice and without inflicting a hardship upon the employees removed." It is fair to assume that if plaintiffs did not employ additional typing help they could do less reporting, and the jobs they now do for county agencies beyond their official duties would have to be done in large part by other stenographers, with a corresponding decrease in plaintiffs' income. The interpretation urged by plaintiffs would enable them to gain substantial retirement benefits from the work of others contrary to one of the clear purposes of the retirement law.

Plaintiffs also contend that defendant is estopped to limit their contributions to salaries and per diems received for performance of their official duties, on the ground that in the past defendant has accepted contributions not so limited. Ordinarily the authority of a public officer cannot be expanded by estoppel (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 643 [234 P.2d 981]) and there is nothing in the facts of this case to bring it within the exceptions noted in *Farrell* v.

*County of Placer*, 23 Cal.2d 624, 627-628 [145 P.2d 570, 153 A.L.R. 323].

The judgment is reversed.

Gibson, C. J., Shenk, J., Schauer, J., Spence, J., and McComb, J., concurred.

Carter, J., did not participate herein.

Respondents' petition for a rehearing was denied December 30, 1958. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.