[Civ. No. 23576. First Dist., Div. Three. Mar. 9, 1966.]

EUGENE W. MOORE, Plaintiff and Appellant, v. BOARD OF ADMINISTRATION OF THE STATE EMPLOYEES' RETIREMENT SYSTEM, Defendant and Respondent.

Morgan, Beauzay, Wylie, Ferrari & Leahy and Robert Morgan for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and William J. Power, Deputy Attorney General, for Defendant and Respondent.

DRAPER, P. J.—This appeal concerns computation of service, for retirement purposes, of a court reporter employed by a county which has joined the state employees' retirement system. Respondent board contends that only time spent in services rendered to and paid for by the county is to be included in the retiring employee's period of active service. Appellant, the reporter, urges that time he spent in rendition of services to private litigants, for which they paid him directly, must be included in the period which is one of the factors determining the amount of his retirement pay. The trial court accepted the board's view, and after hearing upon an alternative writ, denied peremptory writ of mandate. The reporter appeals.

Appellant became a court reporter in Santa Clara County in 1929. On July 1, 1945, the county became a contracting agency under the State Employees' Retirement Law.

This case is governed by the State Employees' Retirement Law (Gov. Code, §§ 20000-21500). Under it, retirement benefits accrue for "service" rendered by "employees" and is based upon "compensation," whether the employer be the state or a city or county as a contracting agency.

Service includes that "rendered as an employee . . . of . . . a contracting agency, for compensation, and only while he is receiving compensation from the . . . contracting agency therefor," with an exception not here relevant (Gov. Code, § 20801). An employee is "Any person in the employ of any contracting agency, and for the purposes of the State Employees' Retirement Law, and where a county . . . becomes a contracting agency, the employees and attaches of the superior court" of that county (Gov. Code, § 20012, subd. b). The second phrase is a dangling modifier of highly doubtful meaning, but on the section as a whole, it is clear that retirement benefits go only to those actually in the employ of the county or its superior court. Compensation is "the remuneration paid in cash out of funds controlled by the . . . contracting agency" (Gov. Code, § 20022).

Viewing the statutory scheme as a whole, we conclude that the period to be credited for retirement purposes under

the act is necessarily the time spent in rendering services compensated for by the county, exclusive of time spent in rendering services to private litigants who pay the reporter for them. This view is compelled when it is recognized that the retirement system, as to services rendered after July 1, 1945 is funded by contributions of both the employer (Gov. Code, § 20525) and the employee (Gov. Code, § 20605), based upon his compensation. There is, of course, no authorization to the county to make deductions for employee contributions from pay he receives from private employment, and no means for it to compute its own contribution upon sums paid to the employee by private litigants. Many of the considerations which led to a comparable ruling upon another retirement act (*McNeil* v. *Board of Retirement,* 51 Cal.2d 278 [332 P.2d 281]), also apply here.

The decision principally relied upon by appellant (*City of Los Angeles* v. *Vaughn,* 55 Cal.2d 198 [10 Cal.Rptr. 457, 358 P.2d 913]) is not relevant to this issue. It holds only that a court reporter is not an independent contractor in the sense which would subject him to a city business license tax for preparation of transcripts, because such preparation is a duty imposed by law as essential to the conduct of the courts. The holding that a particular business licensing ordinance does not by its terms extend to court reporters, and the implication that such a tax so applied would interfere with the administration of justice, is by no means a holding that a reporter's services to private litigants, privately paid for, are a basis for computing retirement service under the act before us.

■ The problem of the board was to determine the total time, over a period of almost 30 years, during which the reporter worked as a county employee for county compensation. The only facts available to the board were the monthly warrants issued by the county to appellant. Concededly, these included payments for transcripts as well as per diem payments, and afforded no basis for distinguishing between the two services. Obviously, precise determination of the period of service from this data was impracticable. Hence the board properly resorted to estimate (Gov. Code, § 20164). It took the statutory per diem fee as it was fixed by statute from time to time, divided each county payment by this amount, and thus found the number of days served. To the extent that the base figures included transcript payments, and the divisor was but the per diem fee, it is patent that the result gave appellant credit for more days than were covered by mere per diem

payments. There is room to doubt that fees for transcripts, which are ordinarily prepared by employees of the reporter, should be included (see *McNeil* v. *Board of Retirement, supra,* 51 Cal.2d 278, 285). Hence the method of estimating did not harm appellant, but perhaps unduly benefitted him. But, says appellant, he could have required all private litigants to deposit per diem and transcribing fees with the county clerk. In that case, all his earnings, whether from the county or from private litigants, for transcripts or per diems, would have been paid to him by county warrants, and would be included in the board's computation, thus increasing his period of service. Of course, the existence of an error in his favor does not require its magnification. The board's formula was designed only as a basis for estimating the number of days of service he rendered to the county for pay provided by it. Appellant's suggested modification would defeat this purpose, and if proposed to the board doubtless would have resulted in adoption of a wholly different method of estimation.

Appellant argues that the fees paid by the county cover only criminal cases, and that it is discriminatory to reject civil cases. But his premise is unsupported. There is no evidence that county payments were limited to criminal cases. Rather, a county frequently is a party to civil litigation, i.e., condemnation and mandate proceedings, and the mere fact that a reporter is paid by a county does not show that the service was rendered in a criminal prosecution.

Appellant also argues that statutory limitation of his retirement basis to county compensated work is an arbitrary and unfair discrimination. But the Constitution does not require uniform treatment. It necessitates only a reasonable basis for classification (*Bilyeu* v. *State Employees' Retirement System,* 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442]). The purpose of the retirement act is "to effect economy and efficiency in the public service" (Gov. Code, § 20001), rather than in private employment. The statutory limitation to service rendered to and paid for by governmental bodies appears reasonable in light of this purpose. We note that comparable classification has been upheld (*McNeil* v. *Board of Retirement, supra; Broyles* v. *Carter,* 142 Cal.App.2d 647 [299 P.2d 299]), although the constitutional issue here raised is not directly decided in those cases.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.