Filed 11/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TARA R. BURD,<br><br>      Plaintiff and Appellant,<br><br>    v.<br><br>BARKLEY COURT REPORTERS, INC.,<br><br>      Defendant and Respondent. | B271694<br><br>(Los Angeles County<br>Super. Ct. No. BC556703) |

      APPEAL from a judgment of the Superior Court of Los Angeles County.  Amy D. Hogue, Judge.  Reversed.

      Patterson Law Group, James R. Patterson and Allison H. Goddard; Carlson Lynch Sweet Kilpela & Carpenter and Todd D. Carpenter for Plaintiff and Appellant.

      Lichtfield Cavo, Marc V. Allaria and Joseph P. Tabrisky; Dykema Gossett, Jeffrey G. Huron, Phu C. Nguyen, and Jyoti P. Avila for Defendant and Respondent.

      Horvitz & Levy, Lisa Perrochet and Eric S. Boorstin as Amicus Curiae on behalf of Plaintiff and Appellant.

      Richard L. Manford for California Court Reporters Association, Inc. as Amicus Curiae on behalf of Defendant and Respondent.

      Edward Howard for Deposition Reporters Association of California as Amicus Curiae.

Plaintiff and appellant Tara R. Burd (plaintiff) appeals from the judgment entered in favor of defendant and respondent Barkley Court Reporters, Inc. (defendant) after the trial court granted defendant's motion for judgment on the pleadings in this putative class action for charging excessive court transcription fees, in violation of Government Code sections 69950 and 69954.[1] The trial court concluded that the statutory transcription rates apply only to official court reporters employed by the superior court and do not apply to private reporters retained by a party to serve as official reporters pro tempore in a court proceeding.

We hold that the statutory transcription rates prescribed by sections 69950 and 69954 apply to any court reporter producing a transcript of a civil court proceeding, regardless of whether the reporter is employed by the superior court or privately retained by a party. We therefore reverse the judgment.

## BACKGROUND

Plaintiff is an attorney with her own law firm. Defendant is a California corporation that provides certified shorthand reporting services.

Plaintiff retained defendant to serve as an official court reporter pro tempore at a June 27, 2013 hearing in the Los Angeles County Superior Court. Plaintiff requested a transcript of the hearing and paid defendant approximately $587 for the hearing transcript. The charges included a $6.10 per page fee for the transcript, a $250 half-day per diem, $20 for a PDF copy of the transcript and exhibits, $20 for delivery of the original transcript, and a $42 fee for transcript production.

Plaintiff filed the instant action against defendant on May 30, 2014 alleging two causes of action: violation of sections 69950

---

[1] All further statutory references are to the Government Code unless otherwise stated.

2

and 69954, and violation of the California Unfair Competition law (Bus. & Prof. Code, § 17200 et seq.) predicated on violations of sections 69950 and 69954. Plaintiff sought, on behalf of herself and others similarly situated, declaratory relief, damages, fees, and costs.

Defendant filed a motion for judgment on the pleadings, arguing that the statutory transcription rates set forth in sections 69950 and 69954 apply only to official reporters employed by the courts, and not to privately retained certified shorthand reporters who serve as official reporters pro tempore.

Following a January 8, 2016 hearing at which the parties presented their arguments, the trial court granted defendant's motion as to all causes of action. Judgment was subsequently entered in defendant's favor, and this appeal followed.

## DISCUSSION

### I. Standard of review

"The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer: We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein. . . . We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory. [Citation.]" (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298.)

### II. Statutory framework

The Government Code identifies two categories of persons who may perform the duties of a court reporter in the superior court: official reporters and official reporters pro tempore. (§ 69941.) Section 69941 provides: "A superior court may appoint as many competent phonographic reporters, to be known as official reporters of such court, and such official reporters pro tempore, as are deemed necessary for the performance of the

3

duties and the exercise of the powers conferred by law upon the court and its members."

An official reporter is an employee of the superior court. (§ 69956 [describing duties and setting compensation of official reporters]; *Los Angeles v. Vaughn* (1961) 55 Cal.2d 198, 200 [official reporter acts as officer and employee of superior court when preparing reporter's transcript of civil trial for persons entitled to request such transcripts].) An official reporter pro tempore may be either a court employee or a certified shorthand reporter privately retained by a party if an official reporter is not available. (See Cal. Law Revision Com. com. 2002 Amend., 36G West's Ann. Gov. Code (2009) foll. § 69941, p. 332 [indicating that official reporters pro tempore appointed pursuant to section 69941 may or may not be employees of the court]; *Cramer v. Superior Court* (2005) 130 Cal.App.4th 42 [lawsuit brought by official court reporters and court reporters pro tempore employed by the Los Angeles Superior Court]; § 68086, subd. (d)(2); Cal. Rules of Court, rule 2.956(c) (rule 2.956(c)).)[2]

Persons serving as official reporters or as official reporters pro tempore must do so under appointment by the superior

---

[2]     Section 68086, subdivision (d)(2) requires the Judicial Council to adopt rules to ensure "[t]hat if an official court reporter is not available, a party may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter."

Pursuant to section 68086, the Judicial Council adopted rule 2.956(c), which states: "If the services of an official court reporter are not available for a hearing or trial in a civil case, a party may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter. It is that party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law."

court.[3] (§ 69941; see Los Angeles Superior Court Policy Regarding Normal Availability of Official Reporters and Privately Arranged Court Reporters.)[4] The statutes authorizing the superior court to appoint official reporters and official reporters pro tempore are set forth in the Government Code under title 8, chapter 5, article 9 (article 9).

Article 9 also prescribes the fees court reporters may receive for their services. Section 69947 provides: "Except in counties where a statute provides otherwise, the official reporter shall receive for his services the fees prescribed in this article." Fees for court reporter transcription services in civil cases are set forth in sections 69950 and 69954. Section 69950 sets the fees for paper transcripts. It provides:

> "(a) The fee for transcription of original ribbon or printed copy is eighty-five cents ($0.85) for each 100 words, and for each copy purchased at the same time by the court, party, or other person purchasing the original, fifteen cents ($0.15) for each 100 words.

> "(b) The fee for a first copy to any court, party, or other person who does not simultaneously purchase the original shall be twenty cents ($0.20) for each 100 words, and for each additional copy, purchased at the same time, fifteen cents ($0.15) for each 100 words."

---

[3] Courts have been statutorily authorized to appoint official reporters pro tempore since 1953 (Stats. 1953, ch. 206, § 1), but pro tempore reporters have served in California courts since at least the early 1930s. (See *Noland v. Payne* (1933) 133 Cal.App. 479; *Rappaport v. Payne* (1934) 139 Cal.App. 772.)

[4] On the court's own motion, we take judicial notice of the May 1, 2012 Los Angeles Superior Court Policy Regarding Normal Availability of Official Reporters and Privately Arranged Court Reporters.

Section 69954, which sets the fees for transcripts prepared with computer assistance, provides:

> "(a)  Transcripts prepared by a reporter using computer assistance and delivered on a medium other than paper shall be compensated at the same rate set for paper transcripts, except the reporter may also charge an additional fee not to exceed the cost of the medium or any copies thereof.

> "(b)  The fee for a second copy of a transcript on appeal in computer-readable format ordered by or on behalf of a requesting party within 120 days of the filing or delivery of the original transcript shall be compensated at one-third the rate set forth for a second copy of a transcript as provided in Section 69950.  A reporter may also charge an additional fee not to exceed the cost of the medium or any copies thereof.

> "(c)  The fee for a computer-readable transcript shall be paid by the requesting court, party or person, unless the computer-readable transcript is requested by a party in lieu of a paper transcript required to be delivered to that party by the rules of court.  In that event, the fee shall be chargeable as statute or rule provides for the paper transcript.

> "(d)  Any court, party, or person who has purchased a transcript may, without paying a further fee to the reporter, reproduce a copy or portion thereof as an exhibit pursuant to court order or rule, or for internal use, but shall not otherwise provide or sell a copy or copies to any other party or person."

## III.  Applicable legal principles

At issue in this case is the construction of sections 69950 and 69954, which we review de novo.  (*Ceja v. Rudolph & Sletten,*

*Inc.* (2013) 56 Cal.4th 1113, 1119.)  When construing a statute, our analysis begins by ascertaining the underlying legislative intent.  (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715.)  To do so, we first examine the language of the statute as the best indication of legislative intent.  (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1026.) Those words are given their ordinary and usual meaning and are construed in their statutory context.  (*Hassan*, at p. 715.) Judicial construction that renders any part of the statute meaningless or inoperative should be avoided.  (*Ibid*.)

If the language of the statute is clear, it is applied without further inquiry.  (*Aleman v. AirTouch Cellular* (2012) 209 Cal.App.4th 556, 568.)  If the language can be interpreted to have more than one reasonable meaning, a court may consider "'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.]"  (*Id*. at pp. 568-569.)

**IV.  Sections 69950 and 69954 apply to court reporters generally, whether employed by the court or privately retained by a party**

### A.  *The plain language of the statutes*

Neither section 69950 nor section 69954 distinguishes between court reporters employed by the superior court and privately retained court reporters.  Section 69950 does not use the terms "reporter," "official reporter," or "official reporter pro tempore."  The statute prescribes the fee for transcription of an original and subsequent copies of a transcript without reference as to what sort of court reporter -- official, pro tempore, court employed, or privately retained -- performs the transcription. (§ 69950.)  Section 69954 refers only to  a "reporter" generally,

7

and does not use the terms "official reporter" or "official reporter pro tempore."  (§ 69954, subds. (a), (b), (d).)  The plain language of the statutes indicates that the prescribed transcription fees are intended to apply to court reporters generally, and are not limited to court reporters employed by the superior court.

### B.  *The statutory scheme*

The trial court did not apply the plain language of sections 69950 and 69954, but instead considered the statutes in the context of article 9 as a whole.  While acknowledging that "the language of Article 9 is not perfectly consistent with an intention not to regulate rates for all reporters who transcribe courtroom proceedings," the trial court nevertheless concluded that the statutory scheme prescribed fee limits that apply only to court reporters employed by the courts or by local governments.

### 1.  Statutes distinguishing between "official reporters" and "official reporters pro tempore"

The trial court noted that within article 9, which governs "Official Reporters Generally," six different sections distinguish between official reporters and official reporters pro tempore:

> Section 69941:  "A superior court may appoint as many competent phonographic reporters, to be known as **official reporters** of such court, and such **official reporters pro tempore**, as are deemed necessary . . . ."

> Section 69944:  "Until an **official reporter** of any court or **official reporter pro tempore** has fully completed and filed all transcriptions of the reporter's notes in any case on appeal which the reporter is required by law to transcribe, the reporter is not competent to act as **official reporter** in any court."

> Section 69946:  "Before entering upon the duties of his office, the **official reporter** of any court

8

or **official reporter pro tempore** shall take and subscribe the constitutional oath of office."

Section 69952, subdivision (b): "When there is no **official reporter** in attendance and a **reporter pro tempore** is appointed, his or her reasonable expenses for traveling and detention shall be fixed and allowed by the court and paid in like manner."

Section 69955, subdivision (a): "As used in this section, 'reporting notes' are the reporting notes of all court reporters employed to report in the courts of California, who may be known as **official reporters** and **official reporters pro tempore**."

Section 69957: "If an **official reporter** or an **official reporter pro tempore** is unavailable . . . the court may order that . . . the action or proceeding be electronically recorded. . . ."

The trial court concluded that the legislature intentionally used the term "official reporter pro tempore" in these statutes to distinguish between privately employed reporters appointed pro tempore and official reporters employed by the court.

The trial court then noted that although sections 69950 and 69954 make no reference to official reporters and official reporters pro tempore, the scope of those statutes is delimited by section 69947, which states: "Except in counties where a statute provides otherwise, the *official reporter* shall receive for his services the fees prescribed in this article." (Italics added.) The fact that section 69947 refers only to the "official reporter" is evidence, the trial court concluded, that the Legislature did not intend the fee provisions of article 9 to apply to private reporters acting as official reporters pro tempore.

9

The trial court's construction of sections 69947, 69950, and 69954 is premised on the assumption that only official reporters are employees of the courts and that all official reporters pro tempore are privately retained by the parties. That assumption is incorrect.

As discussed, both official reporters and official reporters pro tempore may be employees of the superior court. (See, e.g., § 70059.7 [setting rates of compensation for regular official reporters and official reporters pro tempore for court proceedings in Santa Barbara County]; *Cramer v. Superior Court, supra*, 130 Cal.App.4th 42.) The statutory scheme recognizes that official court reporters pro tempore may be employed by the courts (see § 70059.7), or they may be privately retained by a party. (§ 68086, subd. (d)(2); rule 2.956(c).)

The statutes in article 9 that refer to official reporters pro tempore do not distinguish between court reporters employed by the courts and those who are privately retained. (See §§ 69941, 69946, 69952, subd. (b), 69955, subd. (c), 69957.) The trial court's reliance section 69947's reference to "the official reporter" as the basis for concluding that sections 69950 and 69954 apply only to court reporters employed by the superior court was therefore incorrect.

## 2. Section 68086 and rule 2.956[5]

Amicus California Court Reporters Association, Inc. (CCRA) acknowledges the trial court's error and concedes that official reporters pro tempore employed by the courts are subject to the statutory transcription fees prescribed by sections 69950 and 69954. CCRA contends, however, that privately retained

---

[5] We do not address the parties' arguments concerning California Rules of Court, rule 8.130(f), which governs reporter's transcripts on appeal, as interpretation and application of that rule is not at issue in this case.

reporters who act as official reporters pro tempore are not covered by sections 69950 and 69954. The arguments CCRA advances in support of this position are unpersuasive.

CCRA argues that because section 68086, the statute authorizing privately retained official pro tempore reporters, was not enacted until 1992, the legislature could not have intended privately retained reporters to be subject to fee limitations in sections 69950 and 69954, which were enacted in 1953. To the contrary, the legislature is deemed to be aware of laws in effect at the time they enact new laws and are conclusively presumed to have enacted the new laws in light of existing laws having direct bearing upon them. (*Viking Pools, Inc. v. Maloney* (1989) 48 Cal.3d 602, 609; *McLaughlin v. State Bd. of Education* (1999) 75 Cal.App.4th 196, 212.)

CCRA contends the statutory scheme distinguishes between court-employed and privately retained official reporters pro tempore and supports an exemption for privately retained reporters from the statutory transcription rates. CCRA points out that section 68086 and rule 2.956 provide an exemption from statutory court reporter attendance fees for parties who retain a private reporter to serve as an official reporter pro tempore. Neither section 68086 nor rule 2.956 exempts private reporters from the statutory transcription fees.[6] Moreover, the legislature provided in section 68086 an express exemption from statutory court reporter attendance fees for parties who retain a private reporter to serve as an official reporter pro tempore, but provided no similar exemption from statutory transcription fees for private

---

[6] Rule 2.956(c) refers to a "reporter's fee for attendance at the proceedings," as prescribed by section 68086, subdivision (a), which is separate and distinct from the transcription fees prescribed by sections 69950 and 69954.

reporters serving as official reporters pro tempore. The absence of such an express exemption evinces an intent by the legislature to apply statutory transcription rates to official reporters pro tempore generally, whether employed by the court or privately retained by a party. (See *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 195 [under rules of statutory construction, where exception to a general rule is specified by statute, other exceptions cannot be implied or presumed].)

CCRA next argues that court employed official reporters pro tempore are distinguishable from private reporters retained by a party to serve as official pro tempore reporters pursuant to section 68086, subdivision (d)(2). A court employed reporter, CCRA maintains, is appointed by the superior court pursuant to section 69941, whereas a privately retained reporter "is *not* appointed as anything." CCRA's position is incorrect. The Law Revision Commission comments following the 2002 amendment to section 69941 make clear that official reporters pro tempore appointed pursuant to section 69941 include both court employees and persons not employed by the court. (Cal. Law Revision Com. com. 2002 Amend., 36G West's Ann. Gov. Code, *supra,* foll. § 69941, p. 332.) In the Los Angeles County Superior Court, a private reporter retained by a party to serve as an official reporter pro tempore pursuant to section 68086 and rule 2.956 must be appointed by a judicial officer in order to do so. (Los Angeles Superior Court Policy Regarding Normal Availability of Official Court Reporters and Privately Arranged Court Reporters.)

### 3. Statutes setting court reporter fees in specified counties

The trial court concluded that its interpretation of sections 69950 and 69954 was supported by other provisions of the Government Code (specifically, tit. 8, ch. 5, art. 10-12) that apply

article 9 fee provisions to court reporters in specified counties. The trial court reasoned: "These provisions underscore the Legislature's intent to ensure that rates charged within each County were uniform. The need to establish uniform rates charged in each courtroom and to prevent salaried court reporters within the same courthouse or the same County from competing with one another by charging different rates explains the Legislature's decision to regulate rates charged by official court reporters. The same concerns are not present with respect to non-salaried official reporters pro tempore."

The statutory provisions referred to by the trial court contradict rather than support its interpretation. The statutes governing court reporter fees in Merced County (§ 70045.4, subd. (c)), Nevada County (§ 70045.75, subd. (c)), El Dorado County (§70045.77, subd. (c)), Butte County (§ 70045.8, subd. (d)), Tehama County (§ 70045.10, subd. (c)), and Madera County (§ 70045.12, subd. (d)), all provide that official reporters pro tempore "shall be paid in accordance with the per diem, transcription, and other fee provisions of Article 9 (commencing with section 69941) of this chapter." Applying statutory rates to pro tempore reporters is consistent with the goal of establishing uniform rates within a given county and across county lines. That goal is more effectively achieved by applying the statutory rates to pro tempore reporters who receive only temporary appointments to serve as court reporters in civil proceedings and who are more likely to move from courthouse to courthouse within a given county or across county lines.

### C. Court Reporters Board of California interpretation

The trial court's interpretation of sections 69950 and 69954 conflicts with that of Court Reporters Board of California, the agency statutorily authorized to license and discipline court

reporters in California.  (Bus. & Prof. Code, § 8008, subd. (b); Gov. Code, § 69942.)  Since at least 1999, the Board has interpreted sections 69950 and 699554 to apply to both official reporters and official reporters pro tempore.  The Board confirmed this interpretation in a letter to court reporters dated May 14, 2012, stating:  "The fees set by statute that a licensee may charge for acting as official or official pro tempore reporters have not changed since the issuance of the Board's interpretation in its letter dated December 7, 1999."  The Board reaffirmed its interpretation in letters dated August 26, 2015, and November 25, 2015.

In a spring 2012 newsletter, the Board advised court reporters that "there is no statutory exception for freelancers going in to court.  If there is a privately-hired court reporter producing an official record, that reporter is considered a pro tempore and is the official court reporter of record for that proceeding, and statutory transcript rates would apply."[7]  The Board recognized that while statutory transcription fees apply to both court-employed and privately retained court reporters, privately retained reporters are not subject to limitations on appearance or per diem fees:  "The amount that a privately-hired court reporter may charge for an appearance fee to work in court is not set in statute, unlike the transcript rates which apply to every court proceeding."

The Board's interpretation, while not binding on this court, warrants consideration and some deference.  (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7-8.)

---

[7]     Amici CCRA and Deposition Reporters Association of California have deferred to the Board's interpretation of sections 69950 and 69954 and have advised their members that they are subject to statutory transcription rates when working as an official reporter pro tempore.

14

The Board's longstanding interpretation is consistent with the plain language of sections 69950 and 69954, which does not distinguish between privately retained and court-employed official court reporters pro tempore.

### D. *Public policy concerns*

The parties and amici advance various arguments as to whether imposition of statutory transcription fees on privately retained reporters serving as official reporters pro tempore promotes or undermines public policy. We address only two of these arguments -- (1) whether imposing statutory transcription rates on privately retained reporters pro tempore interferes with the constitutional right to freedom of contract, and (2) whether imposing statutory transcription rates on private reporters will result in a shortage of official reporters pro tempore.

### 1. Freedom of contract

Sections 69950 and 69954 regulate only transcription fees for proceedings in the superior court. The statutes do not prevent a private reporter from charging contract rates for court appearances and costs incurred while serving as an official reporter pro tempore or for producing deposition transcripts.

Defendant and its amici acknowledge that freedom of contract is not absolute and unqualified, but is subject to a variety of restraints, including the exercise of legislative authority. (*In re Application of Alexander* (1933) 128 Cal.App. 651, 654.) Unless it is shown that the restraints imposed by the statutes at issue are unreasonable or unjustifiable, we must presume that the legislature determined them to be necessary for the general welfare of the people. (See *Lockheed Aircraft Corp. v. Superior Court* (1946) 28 Cal.2d 481, 486.)

Privately retained reporters who serve as official reporters pro tempore do so under appointment by the superior court. (§§ 69941, 70044.) By accepting that appointment, persons

15

serving as official reporters pro tempore become ministerial officers of the court and are subject to the jurisdiction of the court during the period of their appointment to the same extent as an official reporter. (See *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1038-1039 [noting that deposition reporters are ministerial officers of the court]; see also Los Angeles Superior Court "Order Appointing Court Approved Reporter as Official Reporter Pro Tempore," LACIV 237 (Rev. 01/16), in which the reporter "confirms and agrees . . . to follow directions from the Court, and to be subject to the jurisdiction of the Court to the same extent as an official reporter".)

### 2. Resulting shortage of official reporters pro tempore

Defendant and its amici contend that application of sections 69950 and 69954 to private reporters will disincentivize private reporters from serving as official reporters pro tempore, resulting in a dearth of reporters willing to do so and adversely impacting the administration of justice. The plain language of sections 69950 and 69954 apply the statutory transcription rates to reporters serving as official reporters or as official reporters pro tempore in the superior courts, regardless of whether they are employed by the court or privately retained by a party. If application of the statutes results in unintended adverse consequences, it is for the legislature, and not the courts to remedy the problem. (*Smith v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 117, 134 [it is the legislature's exclusive prerogative to remedy deficiencies in the existing statutory scheme].)

### CONCLUSION

The plain language of sections 69950 and 69954 apply statutory transcription rates to official reporters and official reporters pro tempore, when producing transcripts of court

16

proceedings, whether employed by the court or privately retained by a party.  The trial court accordingly erred by concluding that the statutory rates apply only to official reporters employed by the court.

## DISPOSITION

The judgment is reversed.  Plaintiff is awarded her costs on appeal.

**CERTIFIED FOR PUBLICATION**

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

17